IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| HIGGINBOTHAM BROS. & CO, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:11-cv-00149-WSS |
| DO IT BEST CORP., | § § § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION TO AMEND
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE WALTER S. SMITH, JR.:

COMES NOW Plaintiff Higginbotham Bros. & Co., LLC, ("Higginbotham") and hereby files its Motion to Amend Findings of Fact and Conclusions of Law. In support of its motion, Higginbotham would respectfully show the Court the following:

### INTRODUCTION

Higginbotham moves the Court to amend its Findings of Fact and Conclusions of Law made pursuant to Federal Rule of Procedure 52 and requests that the Court enter an amended finding of fact and/or conclusion of law that reflects the Court's intent that a conclusion of law be entered stating that "Do It Best Corp. ("DIB") has not proven by a preponderance of the evidence any actual damages arising from Higginbotham's breach." On August 23, 2012, the Court entered its Findings of Fact and Conclusions of Law in which the Court made, among other findings, the following conclusion of law:

> 6. DIB has not proven beyond a reasonable doubt any actual damages arising from Higginbotham's breach.

Dkt. #59 (p. 6).

Provided that the Court made a clerical or inadvertent error and intended to include the phrase *by a preponderance of the evidence* in Conclusion of Law No. 6 instead of the phrase *beyond a reasonable doubt*, Higginbotham requests that the Court amend its Findings of Fact and Conclusions of Law to correct this clerical error.

## ARGUMENT AND AUTHORITIES

Under Rule 52 of the FEDERAL RULES OF CIVIL PROCEDURE, "on a party's motion filed no later than 10 days after the entry of judgment, the court may amend its findings or make additional findings." Notably, as of the date of filing of this motion, the Court has not entered a judgment in this cause. Moreover, Rule 60 of the FEDERAL RULES OF CIVIL PROCEDURE provides "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Motion for relief based on a clerical mistake permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's contemporaneous intent. *See Robert Lewis Rosen Associates, Ltd. v. Webb*, 473 F.3d 498, 504 (2d Cir. 2007).

Though the Court included the phrase *beyond a reasonable doubt* in Conclusion of Law No. 6 in its Findings of Fact and Conclusions of law, presumably, the Court did not intend to use this phrase but, instead, intended to use the phrase *by a preponderance of the evidence*, the appropriate legal standard in a breach of contract case. Importantly, the Court included the appropriate legal standard – by a preponderance of the evidence – in a preceding conclusion of law. Conclusion of Law No. 2 states as follows:

> 2. Plaintiff has proven by a preponderance of the evidence that DIB breached the agreement between the parties by withholding amounts from the repurchase of DIB shares that were not contemplated in the membership or participation agreements.

Dkt. #59 (p. 6).

In the event the Court made a clerical or inadvertent error and intended to include the phrase *by a preponderance of the evidence* instead of the phrase *beyond a reasonable doubt* in Conclusion of Law No. 6 of its Findings of Fact and Conclusions of law, Higginbotham requests that the Court amend its Findings of Fact and Conclusions of Law to correct this clerical or inadvertent error.

## CONCLUSION

For the reasons set forth herein, Higginbotham respectfully requests that the Court amend its Findings of Fact and Conclusions of Law so that Conclusion of Law No. 6 states as follows: "DIB has not proven by a preponderance of the evidence any actual damages arising from Higginbotham's breach." Higginbotham further requests any relief to which it may show itself entitled.

        Respectfully submitted,

**BEARD KULTGEN BROPHY**
**BOSTWICK DICKSON & SQUIRES, LLP**

/s/Melissa Waden Wray
Melissa Waden Wray
State Bar. No. 24008614
John S. Hays
State Bar No. 24074380
220 South Fourth Street
PO Box 21117
Waco, Texas 76702-1117
(254) 776-5500
(254) 776-3591 (facsimile)
www.thetexasfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I certify that on October 17, 2012, a true and correct copy of this instrument was served on all counsel of record in accordance with the Federal Rules of Civil Procedure. Service on known filing users will be accomplished through NEF.

Christian J. Hack
Peter Kelley Rusek
Sheehy Lovelace & Mayfield, PC
510 North Valley Mills Drive, Suite 500
Waco, Texas 76710
(254) 772-9297 (facsimile)

Thomas A. Herr
Barrett & McNagry, LLP
215 East Berry Street
Fort Wayne, Indiana 46802
(260) 423-8920 (facsimile)

        /s/Melissa Waden Wray
        Melissa Waden Wray